## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROY MILBURN CASKEY, JR.,<br><br>Defendant. | Criminal No. 11-14 (RHK/LIB)<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE** |

Based on the United States' Motion for a Preliminary Order of Forfeiture; on the Plea Agreement entered into between the United States and Defendant Roy Milburn Caskey, Jr.; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c); and on the Court's determination that, based on the Plea Agreement entered into by the Defendant and based on all of the files and records of this proceeding, the Government has established the requisite nexus between such firearm and the offenses to which the Defendant has pled guilty,

**IT IS HEREBY ORDERED** that:

1. The Motion of the United States for a preliminary order of forfeiture (Doc. No. 19) is **GRANTED**;

2. A Thompson Center Contender .44 caliber pistol, serial number 246097, and any associated ammunition, is forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c);

3. The Attorney General or his authorized designee may seize the foregoing property and maintain custody and control of the property pending the entry of a Final Order of Forfeiture;

4. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made a part of the sentence and included in the judgment;

6. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

7. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated:   April 21, 2011

                                        s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge