UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                    Criminal No. 11-014 (RHK/LIB)

                Plaintiff,

                                    ORDER

v.

ROY MILBURN CASKEY, JR.,

                Defendant.

_____

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff.

Roy Milburn Caskey, Jr., Registration No. 15639-041, FPC Duluth, Federal Prison Camp, P.O. Box 1000, Duluth, Minnesota 55814, *pro se* defendant.

The defendant, Roy Milburn Caskey, Jr., has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 claiming that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he should no longer be considered a career offender under the Sentencing Guidelines.  District Court Docket ("DCD") 32.  For the reasons that follow, the motion will be denied.

## BACKGROUND

I.    PREVIOUS PROCEEDINGS

On January 11, 2011, Caskey was charged in a three-count indictment with possession with intent to distribute cocaine base (Count 1) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession of a firearm during and in relation to a drug trafficking crime (Count 2) in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in

possession of a firearm (Count 3) in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). DCD 1. Caskey pled guilty to Counts 1 and 2 on February 17, 2011, pursuant to the terms of a written plea agreement. DCDs 17-18. The parties did not anticipate that Caskey would be deemed a career offender. Rather, the parties believed that, as to Count 1 of the indictment, Caskey would be facing a base offense level of 26 (reduced to 23 for acceptance of responsibility), a criminal history category of III, and a guideline range of 57 to 71. *See* DCD 18; PSR at F.2. With a consecutive 60-month sentence as to Count 2, the parties contemplated a total guideline range of 117 to 131 months (restricted to 120 to 131 months because of the applicable five-year mandatory minimum as to Count 1). *Id.*

Prior to sentencing, the probation office found that Caskey was indeed a career offender by reason of his conviction for two prior controlled substance offenses. *See* Presentence Investigation Report ("PSR") ¶¶ 23, 26 and 31. Applying the career offender provisions of the Sentencing Guidelines, the probation office determined that the guideline range was 262 to 327 months. PSR ¶¶ 24, 57; USSG §§ 4B1.1(c)(2) & (c)(3). Caskey objected, arguing that his 2002 cocaine conviction for possessing 1.3 grams of cocaine resulted in a career offender guideline range that was "greatly in excess" of what was necessary to adjudge a fair sentence. DCD 25 at 2. Although concurring with the probation office that Caskey was a career offender, the government agreed that "a sentence nearer to that contemplated by the plea agreement would be appropriate in this case." DCD 23.

Caskey appeared for sentencing on September 14, 2011. DCD 26. Consistent with the parties' plea agreement, the Court treated Caskey as if he were not a career

offender and determined that the total offense level was 23.   *See* Statement of Reasons,
Part III.   With a criminal history category of III and a consecutive 60-month sentence as to
Count 2, the Court concluded that Caskey had a guideline range of 117 to 131 months
(restricted to 120 to 131 months because of the applicable five-year mandatory minimum
as to Count 1).   *Id.*   Thereafter, the Court sentenced Caskey to the lowest possible
sentenced authorized by law, namely, a 60-month sentence as to each of Counts 1 and 2 to
be served consecutively to one other.   *See* DCD 27, p. 2.   Caskey did not appeal.[1]

## II.   CASKEY'S SECTION 2255 MOTION

On June 22, 2016, Caskey filed the instant motion.   DCD 32.   He relies on
*Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the
so-called "residual clause" of the Armed Career Criminal Act ("ACCA") is
unconstitutionally vague.   He claims that, in light of *Johnson*, he should no longer be
considered a career offender under the Sentencing Guidelines.   His motion will be denied
for several reasons.   First, Caskey never appealed his original conviction or sentence.   As
such, his motion is procedurally barred.   Second, *Johnson* is inapplicable to the facts of
this case because the qualifying convictions in this case were grounded on the controlled
substance offense clause of the career offender provisions, and not on the residual clause of
the ACCA.   Third, because the Court sentenced Caskey to the lowest possible sentence
authorized by law, without regard to the career offender provisions, Caskey cannot make a

---

1.   On January 15, 2015, Caskey filed a *pro se* motion to reduce his sentence
pursuant to 18 U.S.C. § 3582(c)(2) arguing that Amendment 782 to the Sentencing
Guidelines entitled him to a two-level decrease in his offense level and a sentencing
reduction commensurate with the decrease.   DCD 28.   The Court concluded that
Amendment 782 afforded him no relief.   *See* DCD 31.

showing that his claim raises a "fundamental defect which results in a complete miscarriage of justice." *See Davis v. United States*, 417 U.S. 333, 346 (1974). And fourth, Caskey's claim is barred by the gatekeeping provision so 28 U.S.C. § 2255(f).

## ANALYSIS

### I.     STANDARD OF REVIEW

To prevail on a motion filed under 28 U.S.C. § 2255, a defendant must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). Section 2255 relief is extraordinary; consequently, it "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed errors in conviction and sentencing." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Rather, it encompasses jurisdictional and constitutional errors. *Id.* Beyond that, its scope is "severely limited." *Id.* "[A] miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." *Id.* at 706.

A one-year period of limitation applies to the filing of a motion under § 2255. Under the facts raised here, the one-year period runs from the later of the date a defendant's conviction becomes final or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §§ 2255(f)(1) and

(f)(3); *see Sun Bear*, 644 F.3d at 702-03.   Because Caskey's conviction became final almost five years ago, Caskey attempts to predicate his claim on *Johnson* which was decided on June 26, 2015.[2]

## II.   CASKEY HAS PROCEDURALLY DEFAULTED ON HIS CLAIM

It is well-settled that a defendant who fails to raise a claim on direct appeal has procedurally defaulted and is barred from obtaining § 2255 relief on that claim. *See Bousely v. United States*, 523 U.S. 614 (1998); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010).   The only exception to the rule is where a defendant "first demonstrate[s] either cause and actual prejudice, or that he is actually innocent."   *Bousely*, 523 U.S. at 622.   Even a claim that had no chance of success before the district court or before the court of appeals does not constitute "cause."   *See Bousely*, 523 U.S. at 623; *Lindsey*, 615 F.3d at 1001.

Here, Caskey did not appeal his sentence.[3]   Nor has he ever claimed that he was actually innocent or that there is "cause and actual prejudice" to justify why his claim should not be procedurally defaulted.   For these reasons alone, Caskey's motion must be dismissed.   *Cf. Lindsey*, 615 F.3d at 1000-01 (holding that defendant procedurally barred

---

2.  For ACCA cases, the Supreme Court has held that *Johnson* is retroactive in cases on collateral review.   *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

3.  Caskey waived the right to appeal his sentence unless his sentence included a term of imprisonment greater than 120 months.   DCD 18.   This waiver makes it even more certain that he has procedurally defaulted.   *See Franklin v. Luebbers*, 494 F.3d 744, 751 (8th Cir. 2007) (holding that defendant's voluntary waiver of his direct appeal results in procedural default and bars review of all claims raised in an appeal of a federal habeas application).

from raising claim that his conviction for driving under the influence was not a violent felony, even though his motion was otherwise well-founded under the retroactive application of *Begay v. United States*, 553 U.S. 137 (2008)).

III.   THE *JOHNSON* DECISION IS INAPPLICABLE TO THE FACTS OF THIS CASE

In *Johnson*, the Supreme Court struck down the residual clause of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (defining the term "violent felony" to include any felony crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another").   The Supreme Court left intact all other portions of the ACCA including the so-called "serious drug offense" clause.   *See* 18 U.S.C. §§ 924(e)(2)(A)(ii) (defining the term "serious drug offense" to include "an offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"); *see Ortiz v. Lynch*, 796 F.3d 932, 935 n.2 (8th Cir. 2015).

Under the Sentencing Guidelines, a defendant is a career offender if he was at least 18 years old at the time of the instant offense, the instant offense was either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1.   The term "controlled substance offense" includes "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . distribution . . . of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute."   USSG § 4B1.2(b).

It is clear that Caskey was 18 years old at the time he committed the instant offense and that his conviction for Count 1 qualified as a controlled substance offense.   It is also clear that Caskey's two prior drug convictions satisfy the definition of a "controlled substance offense" under § 4B1.2(b).   PSR ¶¶ 27, 31; *see also* Minn. Stat. §§ 152.021, subd. 1, and 152.023, subd. 1.   As such, even if *Johnson* applied to career offender cases,[4] it would not afford Caskey with relief.

IV.   EVEN IF CASKEY IS NOT A CAREER OFFENDER, THE OUTCOME OF THIS CASE WOULD HAVE BEEN NO DIFFERENT

Even if an argument could be fashioned that Caskey was not a career offender, it would afford him no relief.   As stated above, the Court sentenced Caskey, without regard to the career offender provisions, to the lowest possible sentence authorized by law, that is, 120 month's imprisonment.   Put another way, regardless of the Court's determination as to whether Caskey was a career offender, the Court simply had no authority to sentence him below 120 months because of the applicable five-year mandatory minimum under § 841(b)(1)(B)   and   the   consecutive   five-year   mandatory   minimum   under   § 924(c)(1)(A)(i).

---

4.   It is still open to debate whether *Johnson* applies to career offender cases, but this issue will soon be resolved.   On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, ___ U.S. ___, No. 15-8544, 2016 WL 1029080 (June 27, 2016), to decide whether *Johnson* applies to the residual clause of the career offender guidelines and, if so, whether it applies retroactively on collateral review to such cases. Even if the Supreme Court decides that *Johnson* applies retroactively to the residual clause of the career offender provisions, it would have no effect on the outcome of this case for the reasons stated herein.

V.      CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.   *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).   To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings.   *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).   It's unlikely that another court would decide the issues raised in Caskey's motion differently.   Based on the foregoing, the Court concludes that Caskey has failed to make the required substantial showing of the denial of a constitutional right and his request for a certificate of appealability is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS ORDERED:

1.   Caskey's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DCD 32) is DENIED.

2.   The Court DECLINES to certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Caskey's motion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   September 22, 2016

s/ Richard H. Kyle_____
RICHARD H. KYLE
United States District Judge